**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

WELLS FARGO BANK, N.A., as trustee for
The registered holders of the J.P. Morgan Chase
Commercial Mortgage Securities Trust
2006-CIBC 16, Commercial Mortgage
Pass-Through Certificates Series 2006-CIBC 16,

                       **Plaintiff,**

   vs.                                        6:14-cv-01197
                                                (MAD/ATB)

LONG BALL UTICA, LLC, CITY OF UTICA
INDUSTRIAL DEVELOPMENT AGENCY and
BUTLER REAL ESTATE, INC.,

                       **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**ARONAUER, RE & YUDELL, LLP**          **JOSEPH ARONAUER, ESQ.**
One Grand Central Place
60 East 42nd Street, Suite 1420
New York, New York 10165
Attorneys for Plaintiff

**DELORENZO LAW FIRM**                 **RICHARD H. WEISKOPF, ESQ.**
The Lupe Building
670 Franklin Street, Suite 100
Schenectady, New York 12305
Attorneys for Defendant
Long Ball Utica, LLC

**BOND, SCHOENECK & KING**             **LINDA E. ROMANO, ESQ.**
501 Main Street
Utica, NY 13501
Attorneys for Defendant
City of Utica Industrial
Development Agency

**BUTLER REAL ESTATE, INC.**

**Mae A. D'Agostino, U.S. District Judge:**

                       **MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On September 30, 2014, Plaintiff Wells Fargo, N.A., as Trustee for the Registered Holders of the J.P. Morgan Chase Commercial Mortgage Securities Trust 2006-CIBC 16, Commercial Mortgage Pass-Through Certificates, Series 2006-CIBC 16 (hereinafter "Plaintiff") brought this action to foreclose a mortgage of commercial real property situated at 2160 Erie Street, Oneida County, New York ("Mortgaged Property"). *See* Dkt. No. 1 at ¶¶ 82, 99(b). Defendants in this action are Long Ball Utica, LLC (hereinafter "Long Ball"), City of Utica Industrial Development Agency (hereinafter "Utica IDA"), and Butler Real Estate, Inc. (hereinafter "Butler"). *See* Dkt. No. 2; Dkt. No 2-1; Dkt. No 2-2.

Currently before the Court is Plaintiff's December 29, 2014 motion for entry of consent judgment of foreclosure and sale on Mortgaged Property and Rule 55 motion to enter a default judgement against Defendant Butler (which will be entered by virtue of entry of the consent foreclosure judgment). *See* Dkt. No 15 at ¶¶ 1, 2; Dkt. No. 15-1 at ¶ 1.

## II. BACKGROUND

Defendant Long Ball is the current owner of Mortgaged Property and original borrower of the mortgage Plaintiff seeks to foreclose upon. *See* Dkt. No. 15-2 at ¶ 2. Long Ball was properly served pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure on October 3, 2014. Fed. R. Civ P. 4(h)(1); *See* Dkt. No. 6. On January 30, 2015, Long Ball submitted notice to the Court that, pursuant to Local Rule 7.1(b)(3), it has no intention of opposing Plaintiff's motions. *See* Dkt. No. 23. Likewise, Defendant Utica IDA was properly served notice on October 6, 2014. *See* Dkt. No. 7. On November 7, 2014, Defendant Utica IDA signed and submitted to this Court notice of appearance and waiver of foreclosure. *See* Dkt. No. 9.

Plaintiff properly served the remaining party, Defendant Butler, on October 17, 2014. *See* Dkt. No. 8. Defendant Butler has no present interest in the property, but was named a defendant due to a prior recorded interest. *See* Dkt. No. 15-1 at ¶ 3. Defendant Butler failed to respond to the complaint within sixty days of service as required. *See* Dkt. Nos. 2-2. In response, Plaintiff moved for an entry of default judgment against Defendant Butler, which was entered by the Clerk of this Court on November 15, 2014. *See* Dkt. Nos. 10, 11. On December 29, 2014, Plaintiff filed its motion for entry of consent judgment of foreclosure and default judgment and served Defendant Butler with notice of such in accordance with the requirements of Local Rule 55.2(a)(4) and Federal Rule of Civil Procedure 4(h)(1). Fed. R. Civ P. 4(h)(1); LOCAL RULES N.D.N.Y. 55.2(a); Dkt. No. 15; Dkt. No. 16 at 1-2.

### III. DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

In the present case, Plaintiff has amply demonstrated that Defendant Butler, a corporation, is not in the military service, an infant or an incompetent, as required under Local Rule 55.2(a). *See* Dkt. No. 15-1 at ¶ 5. Further, service was effected upon Defendant Butler in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure and New York State procedural rules governing commercial mortgage foreclosure actions against a corporation. Fed. R. Civ. P. 4; N.Y. C.P.L.R. §3215(g)(iii). As such, this Court finds that Plaintiff has met its burden and is entitled to an entry of default judgment against Defendant Butler under Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55.

In addition, by virtue of granting Plaintiff's December 29, 2014 motion for entry of the consent judgment of foreclosure and sale on Mortgaged Property, this Court also grants the Rule 55 motion for default judgment against Defendant Butler. *See* Dkt. No. 15 at ¶¶ 1, 2; Dkt. No. 15-1 at ¶ 1. Foreclosure is the proper remedy here as Defendants Long Ball–the current owner–and Utica IDA have expressly indicated their consent to this Court's decision. *See* Dkt. Nos. 9, 23.

## IV. CONCLUSION

After carefully reviewing parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff have a judgment herein of for the sum of $2,642,907.88, plus interest of $904.46 per day from October 31, 2014 to the date of this judgment, with interest at the legal rate from the date of this judgment; and the Court further

**ORDERS** that the Mortgaged Property described in the Complaint and as hereinafter described be sold in one parcel, "as is," subject to the following:

(a) any state of facts that an inspection of the Mortgaged Property would disclose;

4

(b) any state of facts that an accurate survey of the Mortgaged Property would show;

(c) covenants, conditions, easements, leases and agreements of record, if any;

(d) open and unpaid taxes, assessments, water and/or sewer charges, if any, which have not yet become a lien on the Mortgaged Property, without any apportionments or adjustments;

(e) building and zoning ordinances of the municipality in which the Mortgaged Property is located and possible violations of the same;

(f) any rights of tenants or persons in possession of all or part of the Mortgaged Property, to the extent said rights are not eliminated by this action;

(g) any equity of redemption of the United States of America to redeem the Mortgaged Property within 120 days from the date of sale; and

(h) prior liens of record, if any; and the Court further

**ORDERS** that the aforesaid sale shall take place at public auction to be held in the lobby of the United States District Court, Northern District of New York, Alexander Pirnie Federal Building, 10 Broad Street, Utica, NY 13501 by and under the direction of David G. Goldbas, Esq. of 185 Genesee Street, Utica, New York 13501, who is hereby appointed Special Master for that purpose; that said Special Master give public notice of the time and place of said sale according to law and the practice of this Court by advertising the sale in the Utica Observer Dispatch; that said sale of the Mortgaged Property shall take place in accordance with any terms of sale as shall be read and/or distributed by said Special Master at said sale; that Plaintiff or any other party to this action may become the purchaser at such sale; that in the event Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; that said Special Master execute and deliver to the purchaser upon full payment of the sale amount a deed of the Mortgaged Property sold; that the said Special Master then deposit the balance of said proceeds of

sale in his own name as Special Master in any federally insured depository in the State of New York, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

    1st: The sum of $750 to said Special Master for his fees herein.

    2nd: The expenses of the sale (including those set forth in § 1354 of the New York Real Property Actions and Proceedings Law) and the advertising expenses as shown on the bills presented to said Special Master and certified by him to be correct, duplicate copies of which shall be left with said depository.

    3rd: The sum of $2,642,907.88, the amount computed by the Court and adjudged to Plaintiff as aforesaid, plus $904.46 per diem from October 31, 2014 to the date hereof, with interest at the legal rate from the date hereof; and also the amount of any sums expended by Plaintiff, after the date hereof, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon; and any other expenses necessary to maintain the Mortgaged Property during the pendency of this action; or so much thereof as the purchase money of the mortgaged premises will pay of the same.

    4th: If said Special Master intends to apply for a further allowance for his fees, he may leave upon deposit such amount as will cover such additional allowance to await the further order of the Court thereon after application duly made.

    Said Special Master shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of sale. Said Special Master shall deposit the surplus moneys, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court. Said Special Master shall comply with the provisions of New York Real

Property Actions & Proceedings § 1354(2) so that taxes, assessments and water rates which are liens against the Mortgaged Property, if any, be paid out of the proceeds of the mortgage foreclosure sale. Said Special Master shall make his report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers for receipts of the person to whom payments were made and file it with the Clerk of this Court with all convenient speed after completing the sale and executing the proper conveyance to the purchaser; and the Court further

**ORDERS** that if there is a deficiency after the foreclosure sale, Plaintiff will be entitled to then apply, on notice, for a deficiency judgment against Defendant Long Ball subject to such defenses as Defendant Long Ball may present; and the Court further

**ORDERS** that in the event that Plaintiff is the purchaser of said Mortgaged Property at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this Judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof to be filed with said Special Master, said Special Master shall not require Plaintiff to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff a deed of the Mortgaged Property sold. Plaintiff shall pay the amount specified above in items marked "1st" and "2nd" in decretal ¶ 3 above. Said Special Master shall apply the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by Plaintiff, to the amounts due Plaintiff in item marked "3rd" in decretal ¶ 3 above, and if there be a surplus over and above said amounts due and allowed to Plaintiff, Plaintiff shall pay to said Special Master, upon delivery of said Special Master's Deed, the amount of such surplus, and said Special Master shall deposit said surplus as hereinabove directed; and the Court further

**ORDERS** that the purchaser at said sale be let into possession on production of the Special Master's Deed; and the Court further

**ORDERS** that the foreclosure sale shall not take place prior to February 17, 2015; and the Court further

**ORDERS** that each and all Defendants in this action, and all the persons claiming under them, and anyone else with an interest acquired after the filing of the Notice of the Pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, right of possession, lien and equity of redemption in said Mortgaged Property and each and every part thereof; and the Court further

**ORDERS** that this Court shall retain jurisdiction to construe and enforce this Order and Judgment of Foreclosure and Sale including but not limited to an application to confirm the sale made pursuant hereto.

The legal description of the said Mortgaged Property hereinbefore mentioned is annexed to the Consent Order and Judgment of Foreclosure and Sale as Exhibit A; and the Court further

**ORDERS** that by virtue of the entry of the consent judgment of foreclosure and sale on Mortgaged Property, that Plaintiff's motion for default judgment against Defendant Butler is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 11, 2015
Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge